**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| David Sheely, | Civil Action No. |
| Plaintiff, | |
| – against– | **COMPLAINT** |
| Chase Bank USA, N.A. and Trans Union LLC, | |
| Defendant(s). | |

**COMPLAINT**

Plaintiff, David Sheely (hereinafter "Plaintiff"), by and through his attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Chase Bank USA, N.A. ("Chase") and Trans Union LLC ("Transunion"), alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, David Sheely, is an adult citizen of the state of Tennessee domiciled in Henderson, TN.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Chase is a corporation business entity organized and existing under the laws of Delaware that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 201 North Walnut Street, Wilmington, DE 19801.

5. Defendant Trans Union LLC is a limited liability company organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams, Chicago, IL 60661.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

8. Defendant Chase issued a credit card account ending in 6073 to Plaintiff. This account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about July 30, 2014, Chase issued a 1099-C discharging $7,974.84 on Plaintiff's account ending in 6073. A copy of the 1099-C is attached herein as Exhibit A.

11. However, nearly two years later, Plaintiff's Chase account continues to be negatively reported.

12. Specifically, on a requested credit report dated April 8, 2016, the Chase account in question was reported with a status of "CHARGE OFF," a balance of $8,951.00, and a past due balance of $8,951.00. The relevant portion of Plaintiff's April 2016 credit report is attached herein as Exhibit B.

13. The trade line was inaccurately reported. As evidenced by the attached 1099-C, the debt was discharged with a balance of $0 and should be reported as such.

14. Plaintiff notified Defendants directly of Plaintiff's dispute as to completeness and/or accuracy of the reporting of the Chase account. Plaintiff's letter and the certified mail receipts are attached herein as Exhibit C.

15. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Chase to the Consumer Reporting Agency Transunion, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

16. On August 12, 2016, Plaintiff requested an updated credit report for review. The trade line for the Chase account in question remained the same as the April 2016 credit report, as Chase failed to correct the inaccuracy. The August 2016 credit report is attached herein as Exhibit D.

17. Transunion did not notify Chase of the dispute by Plaintiff as it was required to do by the FCRA, nor did Transunion notify Chase.

18. Chase failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

19. Had Chase performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Chase account would have been updated to reflect that the debt was discharged and had a $0 balance.

20. Despite Chase's promise through its subscriber agreements to accurately update accounts, Chase willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements of the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

21. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report concerning the account in question, in

violation of the FCRA.  These violations occurred before, during, and after the dispute process began with Transunion.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. Transunion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

26. Chase is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

27. Chase is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

28. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

29. Chase failed to promptly modify, or modify at all, the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

30. Chase failed to update Plaintiff's credit report and/or notify the credit bureaus that the Chase account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

31. Defendants failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

32. Transunion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

33. Transunion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $45,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*